**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
Urbana Division

| | |
|---|---|
| **LYNDA D. JACKSON,** <br><br> **Plaintiff,** <br><br> v. <br><br> **URBANA SCHOOL DISTRICT NO. 116,** <br> **CAROL BAKER and GAYLE JEFFRIES,** <br><br> **Defendants.** | Case No. 11-2240 |

**ORDER**

In October 2011, Plaintiff Lynda D. Jackson, proceeding *pro se*, filed a Complaint against Defendants Urbana School District No. 116, Gayle Jeffries, and Carol Baker, alleging race, age, and disability discrimination. Jurisdiction is proper under 28 U.S.C. § 1331, as Plaintiff's claims arise under federal law. The parties have consented to proceed before a U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(c)(1).

In August 2012, Defendants filed a Motion for Summary Judgment (#23) and Memorandum in Support (#24) as to all Plaintiff's claims. The Court permitted Defendants to file their exhibits in support of summary judgment by CD (#26). In September 2012, Plaintiff filed a response in opposition (#27), as well as exhibits in support (#27-1). Shortly thereafter, Defendants filed their reply (#28). For the reasons explained below, Defendants' Motion for Summary Judgment **(#23)** is **GRANTED**.

**I.  Background**

**A.  Procedural Background**

On May 21, 2008, Plaintiff filed a charge of discrimination (#13, pp. 5-9) with the Illinois Department of Human Rights ("IDHR") and the EEOC, alleging that the District had discriminated against her on the basis of race, age, and disability. On January 21, 2010, IDHR dismissed Plaintiff's charge for lack of substantial evidence. Plaintiff timely requested review of

the dismissal from the Illinois Human Rights Commission, which sustained the dismissal for lack of substantial evidence in a written decision issued October 13, 2010.  (#13, pp. 10-15.)  On September 2, 2011, the EEOC adopted IDHR's findings, closed Plaintiff's file, and notified Plaintiff of her right to sue.  (#1-1, p. 1.)  Plaintiff timely filed her *pro se* complaint (#1) with this court on October 7, 2011.

### B.  Factual Background

The following facts are undisputed unless otherwise stated.  Plaintiff has worked for the Urbana School District since 1999.  She first worked as a Teacher's Assistant for approximately six hours per day, but injured her hand on the job in 2002, suffering permanent nerve damage and lifting restrictions.  As part of her worker's compensation settlement, the District offered her a six hour per day job as an Office Clerk in the District Office, with similar wages and benefits.  She has held the Office Clerk position since 2004.

Plaintiff is black and is 63 years old.  Defendants do not dispute that Plaintiff's hand injury constitutes a disability.  Plaintiff alleges that the District and Gayle Jeffries, the District's Human Relations Manager, discriminated against her on the basis of her race, age, and disability, because Jeffries did not promote Plaintiff to a fingerprinting position.  Plaintiff also alleges that the District and Carol Baker, the District's Business Manager, have discriminated against her, on the basis of her race, age, and disability, by refusing to extend Plaintiff's work hours and denying Plaintiff's requests for a work phone and voicemail extension.

**1.  Fingerprinting Position**

The District posted job openings online and on a bulletin board in the District Office.  In February 2008, the District opened a vacancy for a fingerprinting position in the District Office.  The application period ran from February 20, 2008, until March 1, 2008.  Sandra Cole, a white woman who is younger than Plaintiff and who does not have a disability, applied for and received the job.  Plaintiff did not submit an application for the job.

The parties dispute the following events.  Plaintiff stated in her deposition that, in early 2008 before the fingerprinting position officially opened, she and Gayle Jeffries were in the

women's restroom when Jeffries mentioned to her the possibility of the job opening and asked whether Plaintiff would be interested. Jeffries responded that she would get back to Plaintiff once the job position was approved. Plaintiff went back to Jeffries two weeks later, and Jeffries told her that she had still not heard whether the position was approved and that Plaintiff did not need to do anything until the position was approved. Plaintiff spoke with Jeffries a third time before the job was posted. Jeffries told Plaintiff that the job was approved but that the job still had to be set up, and that she would get back to Plaintiff and let Plaintiff know what to do in order to apply.

As Defendants tell it, Jeffries posted the fingerprinting position in February 2008. After Jeffries posted the job, Plaintiff mentioned to Jeffries in casual conversation that she was interested in the job. However, she did not submit an application for the job. Two individuals, including Sandra Cole, submitted applications for the job during the application period. The District selected Sandra Cole on March 3, 2008, after the application period closed.

Plaintiff does not dispute that, in order to apply for the fingerprinting position, she would have needed to fill out an application:

> Q. Did you ever think that you could apply for and get the fingerprinting job without filing an application?
> A. No, I did not. . . .
> Q. You knew at some point you had to fill out an application?
> A. Yes, I did, after she had got back with me I would have been more than willing to fill out the application on line.

Plaintiff's Dep. at 87:3-13 (filed on CD (#26)). Plaintiff argues in her brief that "Mrs Jeffries had deceived me by leading me into thinking she would actually get back To me so that I could fill out an application." (#27, p. 4, ¶ 9.) Plaintiff agreed in her deposition, however, that Jeffries' failure to touch base with her about the job put her in no worse position than any other potential applicant:

> Q. If Gayle Jeffries didn't get back to you as you say she said she would, didn't that simply put you in the position of every other employee of the school district in occasionally or randomly looking online for job vacancy postings?
> A. Yes.
> Q. Okay. So you weren't any worse off than anybody who had never had the conversation with Gayle Jeffries, were you?

3

      A. I am assuming not. I don't know who else she talked to besides me.

Plaintiff's Dep. at 89:21-90:7.

**2. Extension of Hours**

Plaintiff also maintains that Defendants denied Plaintiff's requests to increase her hours from six to eight hours per day, on the basis of her race, age, and disability. Plaintiff states in her notes, attached as an exhibit in support,

> Everyone else in the building work 8 and 9 hrs. except for me (I've been with the district for 6 yrs) Nancy price a secretary there was only working 4 or 3 hrs a day then they gave her more hours to make her have 8 hours. When I went back to (Carole Baker) Business Manager and asked again for more hours, I was told the same thing "They couldn't give me more hours because of their Budget."
>     Everyone on this job site if they start out with 4 or 5 hrs they all wind up with 8, But me.

(#27-1, pp. 4-5.) She writes elsewhere in her notes,

> Nancy (Purchasing Secretary) use to get four hrs a day plus her sub, now she gets 9 hours and sub but they still told me there budget wont allow me to have anymore hours when they increased Nancy's hours. They could have split them between us. I have been working for the School District for a long time and still could not get 7 or 8 hours. I think this all because of my recent lawsuit against the School, when I got injured on the job, I have been treated differently ever since I have been working in the administration building.

(#27-1, p. 13.) Defendants respond that Plaintiff's contract specifically states that she is to work six hours per day.

**3. Work Phone**

Finally, Plaintiff also argues that the District denied her requests for a phone or personal voicemail, on the basis of her race, age, and disability. According to Plaintiff, all other employees have phones, and new hires receive phones within their first week at work. If Plaintiff wants to use the phone, she must ask another employee if she can use his or her phone, which interrupts the other employee's work. Plaintiff directs the Court to several pictures of other employees' desks with phones. Plaintiff's Ex. 12 (#27-1, pp. 64-65). Plaintiff has asked for a phone several times but has been told that she does not need one. She argues in her brief,

> I do need a telephone to complete my job expectations and not being singled out Among the other employees because of my race. Other employees have to leave their work area to bring me assignments because they Can't call to come and get the assignments without interrupting another employee with A telephone to relate a message to me.

(#27, p. 6.) Defendants respond that Plaintiff's job does not require the use of a phone and that, in any event, she can use phones located nearby.

## II. Legal Standard

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In ruling on a motion for summary judgment, the Court must decide, based on admissible evidence, whether any material factual dispute exists that requires a trial. *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). A factual dispute is material only if its resolution might affect the outcome of the suit under governing law. *Id*. The party seeking summary judgment bears the initial burden of showing that no such issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Furthermore, the Court must draw all inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, the nonmoving party may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; rather, she must go beyond the pleadings and support her contentions with proper documentary evidence. *Celotex*, 477 U.S. at 322-23.

The Court is cognizant of its special obligation to insure that the claims of a *pro se* litigant are given fair and meaningful consideration. *Madyun v. Thompson*, 657 F.2d 868, 876 (7th Cir. 1981). A *pro se* plaintiff is entitled to a great deal of latitude where procedural requirements are concerned. *Haines v. Kerner*, 404 U.S. 519, 519-20 (1972). In the Central District of Illinois, a *pro se* plaintiff need not comply with the specific technical requirements described in Rule 7.1(D) of the Local Rules when responding to a summary judgment motion. CDIL-LR 7.1(D)(6). Nevertheless, to avoid summary judgment, the plaintiff must provide admissible evidence establishing her claim or setting forth specific facts showing that there is a genuine issue for trial. *Michael v. St. Joseph Cnty.*, 259 F.3d 842, 845 (7th Cir. 2001).

### III.  Discussion

The Court construes Plaintiff's Complaint to assert claims of disparate treatment based on race under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a); age under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a)(1); and disability under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a).  Although these statutes prohibit different types of discrimination, the patterns of proof for establishing disparate treatment under each statute are the same.  *See Hoffman v. Caterpillar, Inc.*, 256 F.3d 568, 572 (7th Cir. 2001).  Plaintiff may avoid summary judgment through the direct method, "by putting in enough evidence, whether direct or circumstantial, of discriminatory motivation to create a triable issue," or the indirect method, "by establishing a prima facie case under the *McDonnell Douglas* formula."  *Lewis v. City of Chicago*, 496 F.3d 645, 650 (7th Cir. 2007) (internal quotation marks omitted).  Importantly, whether proceeding under the direct or indirect method, Plaintiff must demonstrate that Defendants' alleged discrimination caused Plaintiff to suffer a "materially adverse employment action."  *Id.* at 652-53.

To succeed under the direct method, Plaintiff must produce evidence that animus based on race, age, or disability motivated Defendants' adverse employment actions against her.  *See Sun v. Bd. of Trs. of Univ. of Ill.*, 473 F.3d 799, 812 (7th Cir. 2007).  Under the direct method, discriminatory animus may be shown through direct evidence, like an "outright admission of discrimination,'" or through circumstantial evidence, "[b]ut such circumstantial evidence must point directly to a discriminatory reason" for the adverse employment action.  *See Ptasznik v. St. Joseph Hosp.*, 464 F.3d 691, 695 (7th Cir. 2006) (internal quotation marks omitted).  Because Plaintiff provides no evidence that "point[s] directly to a discriminatory reason" for Defendants' failure to promote her to the fingerprinting position, give her more hours, or provide her with a phone and voicemail, the Court instead considers Plaintiff's case under the indirect method.

### A.  Failure to Promote

To establish a prima facie case for a failure to promote claim, Plaintiff must demonstrate that "1) [s]he belongs to a protected class, 2) [s]he applied for and was qualified for the position sought, 3) [s]he was rejected for that position and 4) the employer granted the promotion to someone outside of the protected group who was not better qualified than the plaintiff."  *Grayson*

6

*v. City of Chicago*, 317 F.3d 745, 748 (7th Cir. 2003). "If a plaintiff does not apply for a job vacancy that is posted, [s]he cannot make a prima facie case for unlawful discrimination or retaliation under Title VII unless the plaintiff demonstrates that the employer's discriminatory practices deterred plaintiff from applying." *Hudson v. Chi. Transit Auth.*, 375 F.3d 552, 558 (7th Cir. 2004).

Viewing the facts in the light most favorable to Plaintiff, Plaintiff fails to establish a prima facie case that Defendants failed to promote her to the fingerprinting position for discriminatory reasons. She did not apply for the fingerprinting position. She does not dispute that she had to apply for the position in order to be considered. Likewise, Plaintiff produces no evidence that Defendants' "discriminatory practices deterred [her] from applying." *See id.* Plaintiff agreed in her deposition that, even though Gayle Jeffries did not touch base with Plaintiff about how to apply for the job, Plaintiff was in no worse position than any other employee who might have considered applying for the job. Thus, Plaintiff's claim based on the fingerprinting position fails.

The Court also construes as a failure-to-promote claim Plaintiff's allegation that Defendants denied her requests to extend her hours from six to eight hours per day. An increase in hours is, effectively, a promotion, as it would raise Plaintiff's wages. Plaintiff fails to establish a prima facie case because she points to no evidence that two additional hours of daily work, for which she was qualified, were available at the District Office. Although she claims broadly that "everyone else" in the building works at least eight hours per day, the only specific evidence she offers is that the District increased the hours of Nancy Price, a purchasing secretary, rather than splitting those hours between Price and Plaintiff. Plaintiff does not explain what Price's new duties were. Consequently, the Court cannot evaluate whether Plaintiff was qualified to do them. Thus, Plaintiff also fails to establish a prima facie case that Defendants discriminated against her when they failed to increase her hours.

### B.  Personal Phone and Voicemail

Finally, Plaintiff's claim that Defendants refused to provide her with a personal phone and voicemail due to her race, age, and disability, fails because Defendants' refusal does not

constitute a materially adverse employment action. "[N]ot everything that makes an employee unhappy is an actionable adverse action." *Bell v. E.P.A.*, 232 F.3d 546, 555 (7th Cir. 2000). Plaintiff's lack of a phone and voicemail is inconvenient, not materially adverse. *See Lewis*, 496 F.3d at 653 ("We have noted that materially adverse employment action can be categorized into three groups of cases involving: (1) the employee's current wealth such as compensation, fringe benefits, and financial terms of employment including termination; (2) the employee's career prospects thus impacting the employee's future wealth; and (3) changes to the employee's work conditions including subjecting her to humiliating, degrading, unsafe, unhealthy, or otherwise significant negative alteration in [her] work place environment.").

### C.  Additional Discriminatory Conduct

Plaintiff alleged in her Complaint that Defendants discriminated against her when they failed to provide her with a nameplate and access to the internet. However, she does not refer to this conduct in her summary judgment response briefing. Therefore, the Court considers these allegations abandoned.

Additionally, in her summary judgment response brief, Plaintiff argues that Carol Baker discriminated against Plaintiff by failing to include her in the "Skyward" training program and by failing to turn in Plaintiff's service years to the Illinois Municipal Retirement Fund. Plaintiff did not include these allegations in her EEOC charge (#13, pp. 5-9) or in her Complaint (#1). Because Plaintiff did not include these claims in her EEOC charge, Defendants urge the Court not to consider them.

As a general matter, a plaintiff may not raise a claim in federal court under Title VII, the ADEA, or the ADA, unless the claim was included in the plaintiff's EEOC charge. *Moore v. Vital Prods., Inc.*, 641 F.3d 253, 256-57 (7th Cir. 2011) (Title VII); *Conley v. Vill. of Bedford Park*, 215 F.3d 703, 710 (7th Cir. 2000) (ADA); *Sauzek v. Exxon Coal USA, Inc.*, 202 F.3d 913, 920 (7th Cir. 2000) (ADEA); *see also Conner v. Ill. Dep't of Natural Res.*, 413 F.3d 675, 680 (7th Cir. 2005) ("[A]n aggrieved employee may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances of discrimination." (internal quotation marks omitted)). "A plaintiff may pursue a claim not

explicitly included in an EEOC complaint only if her allegations fall within the scope of the charges contained in the EEOC complaint." *Conley*, 215 F.3d at 710 (internal quotation marks omitted). Allegations fall within the scope of an EEOC charge when they are "like or reasonably related to those contained in the charge." *Id.* (internal quotation marks omitted). "To be 'like or reasonably related,' the relevant claim and the EEOC charge 'must, at minimum, describe the same conduct and implicate the same individuals.'" *Moore*, 641 F.3d at 257 (quoting *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir.1994)).

Although the Skyward training and Illinois Municipal Retirement Fund issues also implicate Carol Baker, they are completely discrete from and unrelated to the issues raised in Plaintiff's EEOC charge, namely: Defendants' failure to promote Plaintiff to the fingerprinting position, refusal to extend hours, and refusal to provide Plaintiff with a phone (as well as a nameplate and access to internet, though Plaintiff has abandoned those claims). (#13, pp. 5-9.) Therefore, these claims are not properly before the Court.[1]

### IV. Summary

For the reasons articulated above, Defendants' Motion for Summary Judgment **(#23)** is **GRANTED** as to all claims. The Clerk of Court is directed to enter judgment in favor of Defendants and to terminate this case.

ENTERED this 27th day of February, 2013.

s/DAVID G. BERNTHAL
UNITED STATES MAGISTRATE JUDGE

---

[1] Additionally, Plaintiff, in her response brief, mentions in passing 42 U.S.C. § 1981. (#27, p. 2.) The Court does not consider this passing mention sufficient to raise a § 1981 claim of race discrimination. Plaintiff also mentions in her response brief her belief that Defendants have retaliated against her for her charge of discrimination. She did not include a retaliation claim in her Complaint, and she does not develop this argument in her summary judgment briefing. Accordingly, the Court considers this claim waived.